# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION AT DAYTON

ENON SAND AND GRAVEL, LLC,　　　　:　Case No. 3:17-cv-324
　　　　　　　　　　　　　　　　　　:
　　　　　　Plaintiff,　　　　　　　　:　District Judge Walter H. Rice
　　　　　　　　　　　　　　　　　　:　Magistrate Judge Sharon L. Ovington
vs.　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
CLARK COUNTY BOARD OF　　　　　　:
COMMISSIONERS, *et al.*,　　　　　　:
　　　　　　　　　　　　　　　　　　:
　　　　　　Defendants.　　　　　　　:

---

# REPORT AND RECOMMENDATIONS[1]

---

## I.　　INTRODUCTION

Plaintiff Enon Sand and Gravel, LLC, brings this case against Defendants Clark County Board of Commissioners and Clark County Zoning Administrator Thomas A. Hale "to protect its right to continue prior non-conforming uses of certain real property located in … Clark County, Ohio …." (Doc. #1, *PageID* #2). Plaintiff seeks declaratory judgment under O.R.C. § 2721.01 *et seq.*, injunctive relief, monetary relief under 42 U.S.C. § 1983, reasonable attorneys' fees under 42 U.S.C. § 1988, and "other relief as the Court deems just and warranted." *Id.* at 1-19.

This case is before the Court upon Defendants' Motion for Judgment on the Pleadings (Doc. #20), Plaintiff's Opposition (Doc. #27), Defendant's Reply Memorandum (Doc. #33), Charles D. Swaney's Motion to Intervene (Doc. #13),

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

Plaintiff's Opposition (Doc. #16), Mr. Swaney's Reply (Doc. #18), Plaintiff's Sur-Reply

(Doc. #22), and the record as a whole.

## II.    BACKGROUND

Plaintiff Enon Sand and Gravel is an Ohio limited liability company which owns,

or has the option to purchase, several pieces of property in the unincorporated areas of

Clark County.  (Doc. #1, *PageID* #2).  There are five properties at issue in the present

case—Kiefer I and II and Demmy I, II, and III.  *Id.* at 3-6.  "Since before 1955,

[Plaintiff], and its predecessors-in-title, have continuously (i) used such property for

surface mining, (ii) held it in reserve for future surface mining, and/or (iii) used it for

incidental purposes necessary to surface mining (the 'Surface Mining Uses')."  *Id.* at 2.

In November 1964, Clark County enacted the Clark County Zoning Resolution for

the unincorporated areas of the County.  *Id.* at 3.  Plaintiff contends, "Because the

Surface Mining Uses of the property predate the enactment of the Clark County Zoning

Resolution ('CCZR'), they constitute prior non-conforming uses not subject to the

CCZR."  *Id.* at 2.

Plaintiff "understands" it is Defendants' position that Plaintiff must have a

conditional use permit to continue the Surface Mining Uses on its properties; Plaintiff's

prior non-conforming use of the portion of its properties held in reserve for future surface

mining has expired due to lack of active mining for two or more years; and Plaintiff's use

of explosives and dewatering invalidates any prior non-conforming use because it had not

used those means for surface mining in the past.  *Id.* at 8-14.

Plaintiff's first through fifth claims for relief seek declaratory judgment under Ohio Revised Code § 2721.01 *et seq. Id.* at 7-15. Specifically, Plaintiff asks for a judgment declaring that it "has valid prior non-conforming uses which extend to all Surface Mining Uses of [its properties] …"; it may continue its prior non-conforming uses without a conditional use permit; and "neither the nature of the minerals mined by [Plaintiff] nor the method of mining such minerals … invalidates the valid prior nonconforming uses …." *Id.* at 7-15.

In its sixth claim for relief, Plaintiff further seeks a preliminary and permanent injunction precluding Defendants "from stopping Enon from exercising its valid prior non-conforming uses …." *Id.* at 15-16.

Last, Plaintiff alleges that it "has a constitutionally-protected property right in its valid prior non-conforming uses of [all five properties] for Surface Mining Uses." *Id.* at 16. As a result of Defendants' conduct, Plaintiff "has been deprived of its property rights in violation of the Fifth and Fourteenth Amendments of the United States Constitution. … Enon is entitled to monetary and injunctive relief under 42 U.S.C. § 1983, as well as an award of reasonable attorneys' fees …." *Id.* at 17.

In October 2013, Charles D. Swaney, *pro se*, filed a Motion to Intervene (Doc. #13). According to Mr. Swaney, his property is bordered on the east and north by Plaintiff's properties. *Id.* He seeks to intervene because, "The value of his said real property will be substantially diminished, and his use and enjoyment thereof will be substantially curtailed, if the Plaintiff is granted the judgment requested in the Complaint." *Id.*

## III.    STANDARD OF REVIEW

A Rule 12(c) motion for judgment on the pleadings "is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Paskvan v. Cleveland Civil Serv. Comm'n,* 946 F.2d 1233, 1235 (6th Cir. 1991); *see Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (citations omitted) ("The standard of review for a Rule 12(c) motion is the same as for a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.").  "In reviewing the motion, [the Court] must construe the complaint in the light most favorable to the plaintiff, [and] accept all of the complaint's factual allegations as true …." *Hoven v. Walgreen Co.*, 751 F.3d 778, 783 (6th Cir. 2014) (citing *Ziegler v. IBP Hog Mkt., Inc.,* 249 F.3d 509, 512 (6th Cir. 2001)).

Under Federal Rule of Civil Procedure 8, "A pleading that states a claim for relief must contain: … a short and plain statement of the claim showing that the pleader is entitled to relief; and … a demand for the relief sought …."  This standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged."
*Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (citing *Twombly,* 550 U.S. at
556, 127 S.Ct. 1955, 167 L.Ed.2d 929); *see also Tackett v. M & G Polymers, USA, LLC,*
561 F.3d 478, 488 (6th Cir. 2009) (quoting in part *Twombly,* 550 U.S. at 555, 570, 127
S.Ct. 1955, 167 L.Ed.2d 929) ("a complaint must contain (1) 'enough facts to state a
claim to relief that is plausible,' (2) more than 'a formulaic recitation of a cause of
action's elements,' and (3) allegations that suggest a 'right to relief above a speculative
level.'").

## IV.     ANALYSIS

Defendants contend that Plaintiff's § 1983 claim should be dismissed because
Plaintiff has not alleged facts showing that Defendants acted under the color of state law,
that there was a final decision regarding Plaintiff's property, and that Plaintiff has
exhausted its available state remedies.  Additionally, Defendants assert that Plaintiff's
Complaint fails to allege facts showing an actual case or controversy.

### A.     State Action

To state a plausible claim for relief under § 1983, a plaintiff must allege facts
sufficient to show "that a person acting under color of state law deprived him of a right
secured by the Constitution or laws of the United States."  *Everson v. Leis,* 556 F.3d 484,
493 (6th Cir. 2009); *see also Upsher v. Grosse Pointe Pub. Sch. Sys.*, 285 F.3d 448, 452
(6th Cir. 2002) ("to state a viable claim under 42 U.S.C. § 1983, plaintiffs must produce
evidence that: (1) they were deprived of a right, privilege, or immunity secured by the
federal Constitution or law of the United States, and (2) the deprivation was caused by a

person while acting under the color of state law.") (citations omitted); *Haywood v. Drown*, 556 U.S. 729, 731, 129 S. Ct. 2108, 2112, 173 L. Ed. 2d 920 (2009) (Section 1983 "creates a remedy for violations of federal rights committed by persons acting under color of state law.") (footnote omitted).

Defendants contend that Plaintiff does not allege that they took any action. "The only allegation about Defendants' 'actions' is a description of what Plaintiff *understands* the position of Defendants may be with respect to Plaintiffs' use of its land." (Doc. #20, *PageID* #s 237-38) (citation omitted).

In response, Plaintiff asserts that its "allegations rest directly on Defendants' Letter telling [Plaintiff] exactly what Defendants position is and what [Plaintiff] must do." (Doc. #21, *PageID* #275). In the letter from Allan Neimayer, Senior Planner at the Clark County Community and Economic Development, he observed that Plaintiff's application for a significant mining modification was pending with the Ohio Department of Natural Resources (ODNR). *Id.* at 288. Under Clark County Zoning Regulations, "the start of any mineral extraction operation after November 3, 1964, or the expansion or significant modification to a legal non-conforming operation prior to November 3, 1964, requires a Conditional Use permit approved by the Clark County Board of Zoning Appeals (BZA)." *Id.* The Clark County Community and Economic Development Department searched their records and found no record of a Conditional Use permit approval by the BZA. *Id.* Accordingly, Mr. Neimayer explained, "The purpose of this letter is to notify Enon Sand & Gravel … that, pending approval by ODNR to amend its

permit #IMM-340-4, a Condition Use Application must be filed with Clark County's BZA pursuant to Chapter 7, Section 129 of the Clark County Zoning Regulations." *Id*.

There is a question of whether this Court can presently consider Mr. Neimayer's letter. Defendants do not assert that it should not be considered but do question its inclusion by noting, "assuming that it can be considered part of the pleading …." (Doc. #33, *PageID* #308). Under Federal Rule of Civil Procedure 12(d), "If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment …." According to the Sixth Circuit, "Rule 12([d]) requires only one action by the district court for the conversion to a summary judgment motion to occur: failure to exclude presented outside evidence." *Max Arnold & Sons, LLC v. W.L. Hailey & Co.*, 452 F.3d 494, 503 (6th Cir. 2006). But, "there is an exception for documents that 'are referred to in the Complaint and are central to the claims contained therein.'" *Estep v. City of Somerset*, No. 10-286-ART, 2011 WL 845847, at *4 (E.D. Ky. Mar. 8, 2011) (Thapar, D.J.) (quoting *Bassett v. Nat'l Collegiate Athletic Ass'n,* 528 F.3d 426, 430 (6th Cir. 2008)). "A court may consider these documents without converting the defendants' motion into a motion for summary judgment." *Id.* (citing *See Weiner v. Klais & Co.*, 108 F.3d 86, 88–89 (6th Cir. 1997); *see also Borden v. College*, No. 1:16-cv-519, 2017 WL 345868, at *3 (S.D. Ohio Jan. 24, 2017) (Black, D.J.) ("If a plaintiff makes a breach of contract claim, a court can consider the language of the contract in considering a … motion for judgment on the pleadings without converting such motion into a motion for summary judgment.") (citation omitted).

Although there is no specific reference to Mr. Neimeyer's letter in Plaintiff's Complaint, it is undoubtedly central to Plaintiff's claims, as evidenced by Plaintiff's reliance on it. Plaintiff refers in the Complaint to its understanding of Defendants' position. (Doc. #1, *PageID* #s 8-14). The source of that understanding is Mr. Neimeyer's letter. Indeed, the letter places Plaintiff in the main predicament described in the Complaint—*i.e.*, needing to file a Conditional Use Application with the Clark County BZA (once it receives the go ahead from ODNR). Given this central role played by the letter along with Defendants' lack of a challenge to present consideration of the letter, the Court will consider it.

Turning back to the issue of actions, in their Reply, Defendants' position on whether Plaintiff sufficiently alleged action becomes murky. Defendants begin by reiterating that "there is no allegation or evidence that Defendants have taken action that has deprived Plaintiff …." (Doc. #33, *PageID* #308). But later, they assert, "The only 'action' taken by Defendants was the letter notifying the Plaintiff that it was the County's position that mining is not a legal non-conforming use of Plaintiff's properties." (Doc. #33, *PageID* #313) (citing Doc. #27, *PageID* #279). They further claim, "Plaintiff has the ability to oppose the *County's determination* that mining is not a legal non-confirming use by appealing that determination to the BZA." *Id.* at 311 (emphasis added).

Plaintiff alleges that it is Defendants' position that a conditional use permit is required to continue surface mining, Plaintiff's non-conforming use has expired, and/or

8

Plaintiff's methods of mining invalidates its prior non-forming use. These allegations—accepted as true—are sufficient "action" for Plaintiff's § 1983 claim to survive.

### B. The Fifth and Fourteenth Amendments

Defendants assert, "Plaintiff's claim is necessarily one for a Fifth Amendment Taking." (Doc. #20, *PageID* #239). Plaintiff disagrees: "Defendants' argument presumes too much." (Doc. #27, *PageID* #275). Instead, Plaintiff asserts Defendants deprived it of its right to substantive and procedural due process under the Fifth and Fourteenth Amendments.

*Substantive Due Process*

"Substantive due process … serves the goal of preventing governmental power from being used for purposes of oppression, regardless of the fairness of the procedures used." *Howard v. Grinage*, 82 F.3d 1343, 1349 (6th Cir. 1996) (quoting, in part, *Daniels v. Williams*, 474 U.S. 327, 331, 106 S.Ct. 662, 665, 88 L.Ed.2d 662 (1986) (internal quotation marks omitted)). Specifically, as it relates to zoning, "citizens have a substantive due process right not to be subjected to arbitrary or irrational zoning decisions." *Pearson v. City of Grand Blanc*, 961 F.2d 1211, 1217 (6th Cir. 1992) (citing *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 263, 97 S.Ct. 555, 562, 50 L.Ed.2d 450 (1977)). But courts must proceed with caution: "A court should not interfere with local zoning decisions unless the locality's action has no foundation in reason and is a mere arbitrary or irrational exercise of power having no substantial relation to the public health, the public morals, the public safety or the public welfare." *Braun v. Ann Arbor Charter Twp.*, 519 F.3d 564, 574 (6th Cir. 2008) (quoting *Warren v.*

*City of Athens*, 411 F.3d 697, 708 (6th Cir. 2005); *Nectow v. City of Cambridge,* 277 U.S. 183, 187-88, 48 S.Ct. 447, 72 L.Ed. 842 (1928)).

"To state a substantive due process claim in the context of zoning regulations, a plaintiff must establish that (1) a constitutionally protected property or liberty interest exists and (2) that constitutionally protected interest has been deprived through arbitrary and capricious action." *Tri-Corp Mgmt. Co. v. Praznik*, 33 F. App'x 742, 747 (6th Cir. 2002).

Plaintiff asserts that it has a "constitutionally-protected property interest in a lawful non-conforming use." (Doc. #27, *PageID* #277). This interest stems from Ohio Revised Code § 303.19 which provides that "[t]he lawful use of … any land or premises, as existing and lawful at the time of enactment of a zoning resolution or amendment thereto, may be continued, although such use does not conform with the provisions of such resolution or amendment …." *See City of Akron v. Chapman*, 160 Ohio St. 382, 388 (1953) ("The right to use one's property in a lawful business and in a manner which does not constitute a nuisance and which was lawful at the time it was acquired is within the protections of Section 1, Article XIV, Amendments, Constitution of the United States, and Section 16, Article I of the Ohio Constitution, which provide that no person shall be deprived of life, liberty or *property* without due process of law.") Accordingly, Plaintiff has a constitutionally-protected property interest in the lawful non-conforming use of its properties.

The second requirement—arbitrary and capricious action—requires the plaintiff to "show that the state administrative agency has been guilty of 'arbitrary and capricious

action' in the *strict* sense, meaning 'that there is no rational basis for the …

[administrative] decision.'" *Pearson*, 961 F.2d at 1221 (emphasis and alteration in

original) (quoting *Stevens v. Hunt*, 646 F.2d 1168, 1170 (6th Cir. 1981)).[2]

Plaintiff argues that "Defendants – through the Letter – arbitrarily and capriciously

deprive [Plaintiff] of its constitutionally-protected property interest.  They simply

disavow [Plaintiff's] right to continue the Surface Mining Uses abruptly and without

explanation."  (Doc. #27, *PageID* #279).  Plaintiff, however, does not allege in its

Complaint that Defendants acted arbitrarily or capriciously.  Indeed, Plaintiff claims that

it has been deprived of its property rights without elaboration of arbitrary-and-capricious

facts.  (Doc. #1, *PageID* #17) ("As a result of the conduct of [Defendants], [Plaintiff] has

been deprived of its property rights in violation of the Fifth and Fourteenth Amendments

of the United States Constitution.")

Still, the letter does provide some information.  Mr. Neimayer first notes that

Plaintiff's "application for a *significant mining modification*" is pending before ODNR.

(Doc. #27, *PageID* #288).  He further explains that, under the Clark County Zoning

Resolution, *significant modification* to a legal non-conforming operation prior to

November 3, 1964 requires a Conditional Use permit.  *Id.*  Although the Clark County

---

[2] A court's review of zoning *legislation* is "even more deferential than for state administrative action."
*Pearson*, 961 F.2d at 1222.  "[I]n reviewing [zoning] *legislative* acts, … the only permissible inquiry—
absent equal protection, First Amendment or other such considerations—being whether the legislative
action is rationally related to legitimate state land use concerns."  *Id.* at 1223 (citing *Curto v. City of
Harper Woods*, 954 F.2d 1237, 1243 (6th Cir. 1992)); *see Schad v. Borough of Mount Ephraim*, 452 U.S.
61, 68, 101 S. Ct. 2176, 2182, 68 L. Ed. 2d 671 (1981) ("Where property interests are adversely affected
by zoning, the courts generally … have sustained the regulation if it is rationally related to legitimate state
concerns and does not deprive the owner of economically viable use of the property….").

definition of "significant modification" may be different from the ODNR's definition, Mr. Neimayer's explanation indicates Defendants' actions were not arbitrary or capricious. Plaintiff, moreover, does not allege in its Complaint facts plausibly showing there is no rational basis for Defendants' determination or that Defendants arbitrarily and capriciously deprived it of its property interest. Accordingly, Plaintiff's substantive due process claim fails.

*Procedural Due Process*

"The touchstone of procedural due process is the fundamental requirement that an individual be given the opportunity to be heard 'in a meaningful manner.'" *Grinage*, 82 F.3d at 1349 (quoting *Loudermill v. Cleveland Bd. of Educ.*, 721 F.2d 550, 563 (6th Cir. 1983)). "A procedural due process limitation … does not require that the government refrain from making a substantive choice to infringe upon a person's life, liberty, or property interest. It simply requires that the government provide 'due process' before making such a decision." *Grinage*, 82 F.3d at 1349 ("The goal is to minimize the risk of substantive error, to assure fairness in the decision-making process, and to assure that the individual affected has a participatory role in the process."). "To establish a procedural due process claim, a plaintiff must show that (1) [she] had a life, liberty, or property interest protected by the Due Process Clause; (2) [she] was deprived of this protected interest; and (3) the state did not afford [her] adequate procedural rights. *Daily Servs., LLC v. Valentino*, 756 F.3d 893, 904 (6th Cir. 2014) (citing *Women's Med. Prof'l Corp. v. Baird*, 438 F.3d 595, 611 (6th Cir. 2006)).

As explained in greater detail above, Plaintiff has sufficiently alleged that it was deprived of a constitutionally-protected property interest in the non-conforming use of its land. Thus, the remaining question is whether it was afforded adequate procedural rights.

"Constitutionally sufficient procedure generally involves both prior notice and an opportunity for a pre-deprivation hearing. *Braun v. Ann Arbor Charter Twp.*, 519 F.3d 564, 572 (6th Cir. 2008); *Harris v. City of Akron*, 20 F.3d 1396, 1401 (6th Cir. 1994). "But where a pre-deprivation hearing is impracticable or quick action is necessary, a post-deprivation hearing may be adequate." *Mator v. City of Ecorse*, 301 F. App'x 476, 478 (6th Cir. 2008) (citing *Harris*, 20 F.3d at 1401).

Plaintiff argues that it was afforded neither prior notice nor a pre-deprivation hearing. Instead, "Defendants sent a conclusory letter disclaiming [Plaintiff's] right to Surface Mining Uses as a prior, lawful non-conforming use without offering [it] an opportunity to respond or refute such conclusion." (Doc. #27, *PageID* #280). Plaintiff points to *Mator,* 301 F. App'x 476, in support, asserting its situation is analogous to the plaintiff's situation in that case. In *Mator*, the city "began placarding viable-nonconforming-use properties that it deemed to have been vacant for six consecutive months, forbidding the owners from using the property without a variance-which it required before providing owners a certificate of occupancy." *Id.* at 478. The Court skimmed over the notice requirement, noting the lower court found that the placards constituted sufficient notice and the plaintiff did not dispute it. In examining the hearing requirement, the Court concluded that the defendants did not provide the plaintiffs a meaningful opportunity to be heard: "the only opportunity to be heard the City made

available to the Plaintiffs was the chance to request a variance from the zoning board, which offered no means to oppose the City's determination of vacancy or its decision to rescind the properties' viable-nonconforming-use status." *Id.* at 480 (citation omitted).

Defendants disagree with Plaintiff, contending that it has not established a procedural due process violation because it has a right to appeal the determination in the letter to the Board of Zoning Appeals. "Plaintiff cannot claim that it has been deprived of its procedural rights because it has to 'wade through' the very procedures in place to safeguard its rights." (Doc. #33, *PageID* #314).

Defendants argument ignores the *Mator* Court's findings that it was the city's *policy* requiring a variance application that deprived the plaintiffs of their properties' grandfathered status. 301 F. App'x at 479. Further, Defendants' argument does not address Plaintiff's right to a *pre*-deprivation hearing. Accordingly, Plaintiff's allegations, accepted as true, are sufficient to state a procedural due process violation.

## C.    Actual Case or Controversy

Declaratory-judgment actions allow plaintiffs to seek "pre-enforcement review of a statute." *Nat'l Rifle Ass'n of Am. v. Magaw*, 132 F.3d 272, 279 (6th Cir. 1997); *Mid–American Fire & Cas. Co. v. Heasley,* 113 Ohio St.3d 133, 136, 863 N.E.2d 142 (2007) (citing *Travelers Indemn. Co. v. Cochrane*, 155 Ohio St. 305, 312, 98 N.E.2d 840 (1951) ("A declaratory judgment action provides a means by which parties can eliminate uncertainty regarding their legal rights and obligations."). The Declaratory Judgment Act provides that, "[i]n a case of actual controversy within its jurisdiction ... any court of the United States ... may declare the rights and other legal relations of any interested party

seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a); *see* O.R.C. § 2721.02(A) ("[C]ourts of record may declare rights, status, and other legal relations whether or not further relief is or could be claimed.").

Declaratory-judgment actions must meet Article III's case-or-controversy requirement. *Nat'l Rifle Ass'n*, 132 F.3d at 279 (citing U.S. Const. art. III, § 2) ("Article III of the Constitution confines the federal courts to adjudicating actual 'cases' and 'controversies.'"); *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126, 127 S. Ct. 764, 771, 166 L. Ed. 2d 604 (2007) ("an appropriate action for declaratory relief *can* be a case or controversy under Article III.") (emphasis in original). To determine whether a declaratory-judgment action satisfies this requirement, "the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Casualty Co. v. Pac. Coal & Oil Co.,* 312 U.S. 270, 273, 61 S.Ct. 510, 85 L.Ed. 826 (1941); *see*

Defendant asserts, "The Complaint contains no facts showing a real case or controversy in this case." (Doc. #20, *PageID* #242). Further, "the letter is not sufficient to create a genuine case or controversy for this Court to decide by way of declaratory judgment …." (Doc. #33, *PageID* #308).

Plaintiff alleges in its Complaint, "The Surface Mining Uses constitute prior non-conforming uses of [all five properties] not subject to the CCZR." (Doc. #1, *PageID* #s 7-14). And, in contrast,

> [Defendants] contend (1) that a conditional use permit is required for [Plaintiff] to continue the Surface Mining Uses on [all five properties], (2) that the prior non-conforming use of that portion of [the properties] held in reserve for future surface mining for minerals has expired due to the lack of active mining for a period of two (2) years or more, and/or that surface mining of limestone by means of the use of explosives and dewatering invalidates any prior non-conforming use that may exist on [the properties] because limestone had not been mined using such means in the past.

*Id.* at 8-14. More specifically, Defendants—through Mr. Neimayer—informed Plaintiff that "a Conditional Use Application must be filed with Clark County's BZA …." (Doc. #27, *PageID* #288).

Plaintiff proposes that Defendants' decision forces it to choose from three possible outcomes: "(i) submitting to the CCZR despite its lawful non-conforming use, (ii) exercising its lawful non-conforming use with the risk of adverse enforcement of the CCZR by Defendants, or (iii) abandoning its right to surface mine the property." *Id.* at 284. "The dilemma posed by that coercion—putting the challenger to the choice between abandoning his rights or risking prosecution—is 'a dilemma that it was the very purpose of the Declaratory Judgment Act to ameliorate.'" *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 129, 127 S. Ct. 764, 773, 166 L. Ed. 2d 604 (2007) (quoting *Abbott Laboratories v. Gardner,* 387 U.S. 136, 152, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967)).

Together, the alleged circumstances reveal a substantial controversy, between parties having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. *See Jones v. Petruska*, No. 38695, 1979 WL 210107, at *4 (Ohio Ct. App. 8th Dist. June 14, 1979) ("an allegation of a prior-existing non-

conforming use is a justiciable controversy which may be properly raised in an action for declaratory judgment R.C. 2721.01, *et seq.* The fact that appellants had an alternative remedy does not limit the availability of a declaratory judgment action under the facts of the case at bar."); *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 128-29, 127 S. Ct. 764, 772, 166 L. Ed. 2d 604 (2007) ("where threatened action by *government* is concerned, we do not require a plaintiff to expose himself to liability before bringing suit to challenge the basis for the threat—for example, the constitutionality of a law threatened to be enforced.).

### D. Motion to Intervene

Under the Federal Rules of Civil Procedure, there are two types of intervention: (1) intermission of right, and (2) permissive intervention. Fed. R. Civ. P. 24. Charles D. Swaney (Intervenor) does not indicate in his Motion what type of intervention he seeks. However, in his Reply, he requests that the Court permit him to intervene under Rule 24(b), permissive intervention. (Doc. #18, *PageID* #221). Plaintiff opposes his intervention, and Defendants provided no response.

Plaintiff "opposes the Motion to Intervene filed by non-party Charles D. Swaney ("Swaney"). Swaney, a licensed attorney with active status in Ohio, filed a one-page Motion to Intervene, *pro se*, providing no substantive support for his request. … Swaney's Motion fails to demonstrate entitlement to … permissive intervention under Civil Rule 24(b) and should be denied." (Doc. #16, *PageID* #205).

Under Rule 24(b), "On timely motion, the court may permit anyone to intervene who: … has a claim or defense that shares with the main action a common question of law or fact."[3] "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

The first determination to make is whether the motion was "timely." *Shy v. Navistar Int'l Corp.*, 291 F.R.D. 128, 133 (S.D. Ohio 2013) (Rice, D.J.) (citing *NAACP v. New York,* 413 U.S. 345, 365, 93 S.Ct. 2591, 37 L.Ed.2d 648 (1973)). "The determination of whether a motion to intervene is timely should be evaluated in the context of all relevant circumstances." *Blount-Hill v. Ohio*, 244 F.R.D. 399, 402 (S.D. Ohio 2005) (Rice, D.J.), *aff'd sub nom. Blount-Hill v. Bd. of Educ. of Ohio*, 195 F. App'x 482 (6th Cir. 2006) (citing *Bradley v. Milliken,* 828 F.2d 1186, 1191 (6th Cir.1987)). The following factors should be considered:

> (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenors knew or should have known of their interest in the case; (4) the prejudice to the original parties due to the proposed intervenors' failure to promptly intervene after they knew or reasonably should have known of their interest in the case; and (5) the existence of unusual circumstances militating against or in favor of intervention.

*Blount–Hill v. Zelman,* 636 F.3d 278, 284 (6th Cir. 2011) (quoting *Jansen v. City of Cincinnati,* 904 F.2d 336, 340 (6th Cir.1990)).

---

[3] Additionally, under Rule 24(b), "the court may permit anyone to intervene who: … is given a conditional right to intervene by a federal statute." Intervenor does not assert that a federal statute provides him a conditional right to intervene.

In the present case, Intervenor filed his motion in October 2017, less than three months after the Complaint was filed and before the Court entered a preliminary pretrial conference order. Shortly after he filed the Motion to Intervene, Defendants filed their Motion for Judgment on the Pleadings. In addition, Plaintiff does not assert that Intervenor's motion was untimely. Accordingly, Intervenor's Motion was timely.

Intervenor did not identify a claim or defense that shares a common question of law or fact with the main action. And, Intervenor did not "state the grounds for intervention" as required by Rule 24(c). He only provides one indication in his Motion of why he seeks to intervene: "[t]he value of his said real property will be substantially diminished, and his use and enjoyment thereof will be substantially curtailed, if the Plaintiff is granted the judgment requested in the Complaint." (Doc. #13, *PageID* #181). Likewise, Intervenor's Reply does not include any grounds for intervention. Instead, he points to two cases from Ohio Courts of Appeals for the proposition that Ohio courts have allowed adjacent or neighboring landowners to appeal zoning decisions that have the potential to lower their property value. *Id* at 221.

These cases, however, are unlike the present case. In *Anderson v. Vandalia,* the Court considered whether a resident of Vandalia had standing to appeal the city council's approval of a conditional use permit when the resident had not shown he owns property that would be affected. Noting that "[t]he term 'adjacent' is defined as 'not distant; nearby' and does not imply contact[,]" the Court found "'Adjacent or contiguous property owners who oppose and participate in the administrative proceedings concerning the issuance of a variance are equally entitled to seek appellate review under R.C.

2506.01.'" 2005-Ohio-118, ¶ 19, 159 Ohio App. 3d 508, 514, 824 N.E.2d 568, 572

(quoting *Willoughby Hills v. C.C. Bar's Sahara, Inc.* (1992), 64 Ohio St.3d 24, 26, 591

N.E.2d 1203)). Likewise, the Court in *Citizens Against Blasting on Our Miami v.*

*Anderson Township Board of Zoning Appeals* considered whether municipalities that

claimed a loss of property value had standing to challenge the Board of Zoning Appeals'

decision to allow a proposed mining operation. The Court adopted the view of "[s]everal

Ohio courts" that "have allowed landowners to appeal from zoning decisions that lower

the value of their property under R .C. Chapter 2506." 2012-Ohio-6145, ¶ 18, 2012 WL

6728334, *4 (Ohio Ct. App. Dec. 28, 2012).

 In the present case, Plaintiff is not before the Court seeking a variance and has not

participated in administrative proceedings. Thus, whether an adjacent landowner has

standing in those situations is not relevant. Instead, Plaintiff seeks a declaration that that

is has a valid prior non-conforming use and a finding that Defendants violated its right to

procedural due process. An adjacent landowner's land value is not relevant to either

sought-after remedy. Thus, there is not a common question of law or fact between

Intervenor's claims or defenses and Plaintiff's claims.

 It should be noted that Intervenor's Answer mirrors Defendants' Answer.

Nonetheless, "The purpose of intervention is to represent its interest in a way that the

current Defendants will, or may, not." *Blount-Hill v. Ohio*, 244 F.R.D. at 404.

Intervenor has not identified—or even suggested—how the current Defendants will fail

to represent his interests adequately. In other words, "[Intervenor] has offered nothing to

indicate that its contribution will add anything of unique value." *Id.*

Further, intervention in this case will likely cause undue and unnecessary delay. Intervenor's property-value-deprivation claim would complicate the case by requiring evaluation of property value and depreciation. The potential depreciation of Intervenor's property value is unrelated to whether Plaintiff's surface mining is a valid, prior non-conforming use and whether Defendants have violated Plaintiff's constitutional rights. Additionally, Intervenor will likely file motions and conduct discovery. *See id.* ("[T]he Court is comfortable in presuming that it will file motions, and will seek to conduct discovery.") This will unnecessarily increase the cost of litigating this case and compromise the public's interest in judicial efficiency. And, granting intervention will not promote a resolution of the present lawsuit—and may inhibit it. Given the large amount of property owned by Plaintiff, the potential for other adjacent landowners intervening is great and this could lead to substantial delays while matters detached from the main action are explored.

Accordingly, Mr. Swaney's Motion to Intervene lacks merit.

## IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' Motion for Judgment on the Pleadings (Doc. #20) be granted, in part, and denied, in part; and

2. Charles D. Swaney's Motion to Intervene (Doc. #13) be denied.

May 2, 2018

*s/Sharon L. Ovington*
Sharon L. Ovington
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).